George C. MARTINOVICH, Jr., and Linda Martinovich, Plaintiffs-Appellants,

v.

CITY OF SUGAR CREEK, MISSOURI, A Municipal Corporation, Defendant-Respondent.

No. WD 31378.

Missouri Court of Appeals, Western District.

May 4, 1981.

Rehearing Denied June 2, 1981.

Steve D. Burmeister, John K. Weilert, Independence, for plaintiffs-appellants.

Jacob Brown, James F. Davis, Brown, Koralchik & Fingerish, Kansas City, for defendant-respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

George and Linda Martinovich filed suit against the City of Sugar Creek for the negligent construction of a storm sewer and catch basin, coupled with an allegation that the City failed to inspect and maintain such facilities. The court entered summary judgment in favor of the City.

On this appeal the Martinovichs contend there remain genuine issues of fact making summary judgment inappropriate. Affirmed.

The petition alleged that the City had installed, constructed, maintained and undertook to service a storm sewer and catch basin near property owned by the Martinovichs. The further allegation was that the sewer and basin were negligently and defectively constructed and that the City had failed to maintain the sewer so that the Martinovich property was flooded. Because of the City's negligence in improperly maintaining and constructing the storm sewer, the prayer was for actual damages.

Following the filing of the City's answer, the City filed the verified affidavit of Rudolph Roper, the mayor of Sugar Creek, in which he stated that he had read the petition and was familiar with the subject matter thereof. He stated that the City had not constructed or caused to be constructed, or participated in any manner, in the construction of the storm sewer and catch basin. He stated the sewer and basin were constructed by a private company. The affidavit stated that the City had never passed any ordinance or resolution accepting or assuming any jurisdiction or control of the sewer and basin, but, in fact, these had always been considered by the City to be a part of a private sewer. The affidavit concluded that the City had never undertaken to maintain, service or repair the storm sewer since its construction.

The City also filed a verified affidavit of the city clerk and an engineer hired by the City which also denied that the City had constructed or in any way participated in the construction of the sewer and basin and denied that the City had ever undertaken to maintain them. The affidavits were accompanied by a motion for summary judgment filed by the City. In response to the motion and affidavits, the Martinovichs did not file any affidavits or other denial.

In *Cherry v. City of Hayti Heights*, 563 S.W.2d 72, 75[1] (Mo. banc 1978) the court held that facts stated in the affidavits filed in support of a motion for summary judgment stand admitted for the purpose of the motion if no verified denial is forthcoming. The court further reiterated the familiar rule that once a motion for summary judgment is filed and supported by affidavit a party can no longer rest on the allegations of his pleadings but must by affidavit or otherwise set forth specific facts showing that there is a genuine issue for trial.

The theory of the Martinovich petition was that the storm sewer and catch basin were constructed and maintained by the City. The verified denials stated that was not the fact and the Martinovichs have not come forward with any specific facts showing that there is any dispute as to the facts stated in the affidavits. If the sewer and catch basin were constructed by a private developer and were never accepted by the City, then the City would not be responsible for their construction and maintenance. *Van Trump v. Kansas City*, 187 Mo.App. 190, 173 S.W. 32, 33[1, 2] (1915). Here, the affidavits denied the essential fact of acceptance or construction by the City necessary to establish its liability. There is nothing in the record to dispute those facts and they therefore stand admitted. Neither have the Martinovichs advanced any facts to show a genuine issue as to the existence of a common law acceptance by the City. Under these circumstances, summary judgment in favor of the City was proper.

The judgment is affirmed.

All concur.